**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, ) <br> United States Department of Labor, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **KHAYAT TAVERN GROUP, INC.,** ) <br> an Illinois corporation, **d/b/a FATMAN PIZZA** ) <br> **PUB**, and **CHRISTIAN KHAYAT**, ) <br> an individual, ) <br> ) <br> Defendants. ) | Civil Action No.: 1:18-cv-2914 |

## COMPLAINT

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, brings this action to enjoin defendants **KHAYAT TAVERN GROUP, INC.** an Illinois corporation, **d/b/a FATMAN PIZZA PUB**, and **CHRISTIAN KHAYAT,** an individual, (hereinafter collectively "defendants") from violating the provisions of sections 7, 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201, *et seq.*), (hereinafter "the Act"), pursuant to section 17 of the Act.

### I

Jurisdiction of this action is conferred upon the court by section 17 of the Act and 28 U.S.C. § 1345.

### II

**A.**     Defendant **KHAYAT TAVERN GROUP, INC.** is and, at all times hereinafter mentioned, was a corporation with a place of business at 36309 North Route 41, Gurnee, Lake

County, Illinois, within the jurisdiction of this court, and is and, at all times hereinafter mentioned, was engaged in operating a pizza restaurant and pub.

     **B.**     At all times hereinafter mentioned, defendant **CHRISTIAN KHAYAT** was engaged in business within Lake County at 36309 North Route 41, Gurnee, Illinois, within the jurisdiction of this court. Defendant **CHRISTIAN KHAYAT**, an individual, is the sole owner of defendant **KHAYAT TAVERN GROUP, INC.** and, at all times hereinafter mentioned, actively supervised the day-to-day operations and management of the corporate defendant in relation to defendant's employees at **KHAYAT TAVERN GROUP, INC.** including, but not limited to hiring and firing employees, directing work, and setting pay practices. **CHRISTIAN KHAYAT** acted directly or indirectly in the interest of **KHAYAT TAVERN GROUP, INC.** in relation to its employees and is an employer within the meaning of section 3(d) of the Act.

### III

     Defendant **KHAYAT TAVERN GROUP, INC.** is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

### IV

     Defendant **KHAYAT TAVERN GROUP, INC.** is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved

in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

## V

Defendants repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act, by employing many of their employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Instead, Defendants paid employees their regular rate in cash for all hours worked in excess of 40 hours in a workweek.

## VI

Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516. Defendants failed to maintain complete and accurate records of employees' hours worked and cash payments.

## VII

During the period since January 4, 2016, defendants repeatedly and willfully violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations is expressly authorized by section 17 of the Act.

3

**WHEREFORE**, cause having been shown, plaintiff prays for a judgment against defendants as follows:

(a)     For an Order pursuant to section 17 of the Act, permanently enjoining and restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of sections 7, 11, and 15 of the Act; and

(b)     For an Order awarding plaintiff the costs of this action; and

(c)     For an Order granting such other and further relief as may be necessary or appropriate.

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*/s/ Jing Zhang*
**JING ZHANG**
Attorney

U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Room 844
Chicago, Illinois 60604
Telephone: 312/353-1145
Facsimile: 312-353-5698
Email: zhang.jing@dol.gov

Attorneys for **R, ALEXANDER ACOSTA**,
Secretary of Labor, United States
Department of Labor, Plaintiff

4